Manuel Cividanes-Rolán, Plaintiff and Appellant, *v.* Antonio M. Somoza et al., Defendants and Appellees.

No. 4309. Argued July 11, 1927.—Decided July 14, 1927.

*L. Muñoz Morales* for the appellant. *F. Soto Gras* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

In this case the appellees move for the dismissal of the appeal on the grounds that the appeal was taken on October 9, 1926; that the appellant elected to have the transcript of the evidence prepared by the stenographer; that the court directed the stenographer to prepare the transcript, and that notwithstanding the passing of 238 days up to the date of the motion, the transcript of the record has not been filed in the Supreme Court, all of which shows that the appeal has not been prosecuted with due diligence. Rule 59 of this court is invoked.

The motion is verified and notice thereof was given to the attorney for the appellant on June 14, 1927. A hearing was set for the 11th of July and the attorneys for the parties were notified on the said 14th day of June. The appellees only appeared by their attorney at the hearing. The appellant did not appear, nor has he made any objection in writing or otherwise to the motion of the appellees.

The rule invoked reads as follows:

"After the expiration of ninety days from the time of the notice of the appeal, and even if any extension of time has been allowed by the court below, any case not previously filed in this Court may, in the discretion of the Court, be dismissed on motion if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

We have held several times in construing this rule that the mere lapse of ninety days is not sufficient to show negligence. We have held also on many occasions that after the time has begun to run for filing the transcript of the record in the Supreme Court from the settlement by the district court of the statement of the case, the transcript of the evidence or the bill of exceptions, it is necessary to allege and prove that none of the said documents are pending approval in the lower court before dismissal will be ordered.

The facts in the present case did not appear in any of the cases previously decided.

It is a fact that the rule exists. Its purpose is to have appeals prosecuted as speedily as possible. The presumption is that the judgment is just. The aggrieved party has the right of appeal, but also the duty of being diligent. The rule specifies the term of ninety days as sufficient for ordinary cases. If the appellees move for the application of that rule after the expiration of that period it behooves the appellant to give a satisfactory explanation of his conduct.

Has he done so in the present case? He was notified of the motion in which it was alleged, as we have seen, that not only 90 but 238 days had elapsed and in which negligence is charged expressly. He was notified of the setting of the hearing on the motion with greater diligence than is usual, yet he neither appeared at the hearing nor explained in any manner his conduct. His attitude can be interpreted only in the sense of having admitted the charge of negligence.

Therefore, notwithstanding the fact that it has not been shown whether or not any of the documents referred to are pending approval, as the appellant has admitted lack of due diligence in the prosecution of his appeal and the time specified in Rule 59 has more than expired, the motion of the appellees will be sustained and consequently the appeal is dismissed.